## TYNDALL v. BEATTY.

(Supreme Court, Appellate Term. February 7, 1908.)

ACTIONS—FORM—ACTION FOR MONEY.

>Under Code Civ. Proc. § 3339, declaring there is to be only one form of civil action, and abolishing the distinction between actions at law and suits in equity, it is sufficient to aver the facts entitling plaintiff to relief; and in an action to recover money paid as advance rent on defendant's promise to make repairs, which he failed to do, the complaint was improperly dismissed on the ground that plaintiff could not sue on the theory of money had and received, but should have sued for breach of contract.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by William D. Tyndall against Robert A. Beatty. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

Tyndall & Barton, for appellant.
Stanley Holcomb Molleson, for respondent.

SEABURY, J. This action was brought to recover $30, which it was alleged the defendant had and received from the plaintiff. The pleadings were oral. The $30 sued for is a part of the sum of $40, which the plaintiff paid to the defendant for one month's rent for an apartment for which the plaintiff agreed to sign a lease provided the defendant made certain specified repairs. The repairs, which were to be made, are set forth in a receipt which the defendant gave the plaintiff, and which was offered in evidence. Subsequently the plaintiff decided, with the consent of the defendant, to accept a smaller apartment at $30 a month, instead of $40, upon the understanding that the defendant would make certain specified repairs in this apartment. The defendant returned $10 of the sum deposited with him. The defendant failed to make the repairs agreed upon. All of the transactions had between the parties were preliminary merely to the signing of a lease, which was not executed. The learned trial justice dismissed the complaint, upon the ground that the plaintiff could not "maintain this action on the theory of money had and received," and that the action should have been to recover damages for breach of contract.

In this ruling, we think, the trial justice erred. It is a fundamental principle underlying the system of Code pleading that the civil action has been substituted for, and necessarily abrogates, the technical and arbitrary common-law forms of actions. The civil action, under our system, is "the single judicial instrument for the prosecution of all remedial rights and the obtaining of all remedies." Pomeroy's Code Remedies, § 32. Section 3339 of the Code of Civil Procedure provides:

"There is only one form of civil action. The distinction between actions at law and suits in equity, and the forms of those actions and suits have been abolished."

The rights of action and the remedies which formerly existed under various forms of action still survive; but the differences of form have been abrogated, and the pleader need not declare upon any distinctive form of action in order to recover. It is only requisite, to entitle him to recover, that he should allege and prove the facts which entitle him to the relief which he seeks. When he does this, he cannot be turned out of court and treated as one making a false clamor.

The judgment appealed from is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.